UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID TYRONE HILL,                                Case No. 1:15-cv-762
        Plaintiff,

                                                  Beckwith, J.
    vs.                                           Litkovitz, M.J.

OHIO DEPARTMENT OF                                **ORDER AND REPORT**
REHABILITATION AND                                **AND RECOMMENDATION**
CORRECTION, et al.,
        Defendants.

On January 20, 2016, the undersigned issued a Report and Recommendation in this case

recommending that the matter be dismissed for want of prosecution.  (Doc. 6).  Specifically, the

undersigned recommended dismissal based on plaintiff's failure to comply with the Court's

December 17, 2015 Deficiency Order, which required plaintiff to pay the full filing fee or to

submit a completed *in forma pauperis* application.  (*See* Doc. 3).

On the same day the Report and Recommendation was issued plaintiff filed a motion to

amend his complaint, followed by a motion for leave to proceed *in forma pauperis* on January

26, 2016.  (Doc. 7, 9).  Because plaintiff has now provided a complete *in forma pauperis*

application, the January 20, 2016 Report and Recommendation (Doc. 6) is **VACATED**.

This matter is now before the Court on petitioner's motion for leave to proceed *in forma*

*pauperis*.  (Doc. 9).

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress.  In

accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L.

No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The "three strikes" provision applies to cases that were dismissed even

prior to the effective date of the PLRA. *Swenson v. Pramstaller*, 169 F. App'x 449, 450 (6th Cir.

2006) (citing *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998)). Courts have held that

appellate court affirmances of a screening dismissal do not constitute a "strike" under the statute.

*See, e.g., Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436-37 (D.C. Cir. 2007); *Soto v.*

*Birkett*, No. 07-CV-11929-DT, 2007 WL 3121606, at *2 (E.D. Mich. Oct. 23, 2007) (and cases

cited therein). However, by the same token, the dismissal of an appeal as frivolous or malicious,

for failure to state a claim or "pursuant to a statutory provision or rule that is limited solely to

dismissals for such reasons" does count as a "strike." *See, e.g., Byrd v. Shannon*, 715 F.3d 117,

126 (3rd Cir. 2013); *see also Soto, supra*, 2007 WL 3121606, at *2.

Plaintiff is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case

because it appears that at least three prior complaints filed by him while he was a prisoner were

dismissed with prejudice at the screening stage as frivolous or for failure to state a claim. *See*

*Hill v. Gary C. Mohr,* Case No. 1:14-cv-2147 (N.D. Ohio Feb. 9, 2015) (Gaughan, J.) (Doc. 14)

(citing *Hill v. Cuyahoga County*, Case No. 1:11-cv-874 (N.D. Ohio Aug. 11, 2011) (Polster, J.)

(Doc. 7); *Hill v. CRUMP Healthcare Administration*, Case No. 3:09-cv-889 (N.D. Ohio Aug. 17,

2009) (Zouhary, J.) (Doc. 8); *Hill v. Mason*, No. 1:06-cv-379 (N.D. Ohio Apr. 26, 2006)

(Aldrich, J.) (Doc. 7)) (finding that plaintiff was prohibited from proceeding *in forma pauperis*

because at least three prior cases filed while he was incarcerated had been dismissed as frivolous

or for failure to state a claim). The previous screening dismissals prevent the plaintiff from

obtaining pauper status in the instant action.

In view of his three "strikes," plaintiff may not proceed *in forma pauperis* unless he falls

within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who

are "under imminent danger of serious physical injury." Under the plain language of the statute,

plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to

qualify for the exception to the "three strikes" provision of § 1915(g). *See Vandiver v.*

*Vasbinder,* 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in

accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent

danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618

F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002));

*Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton,* 319 F.3d 1048, 1050

(8th Cir. 2003); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 312 (3rd Cir. 2001) (en banc);

*Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin,* 144 F.3d 883, 884

(5th Cir. 1998) (per curiam); *Chase v. O'Malley,* 466 F. App'x 185, 186-87 (4th Cir. 2012) (per

curiam). *Cf. Pointer v. Wilkinson,* 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term

'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule

to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar,* 239 F.3d

at 315.

The Court is unable to discern from plaintiff's complaints[1] any facts showing plaintiff

meets the statutory exception. Because plaintiff has failed to allege particular facts showing any

immediate or impending serious physical injury in existence at the time he commenced this

action, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

For these reasons, plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 9)

should be denied under 28 U.S.C. § 1915(g).

---

[1] Plaintiff submitted an initial complaint on November 30, 2015 (Doc. 1), a first amended complaint on December 14, 2015 (Doc. 2), and a motion to amend his complaint on January 20, 2015 (Doc. 7).

**IT IS THEREFORE ORDERED THAT:**

1.  The Court's January 20, 2016 Report and Recommendation (Doc. 6) be **VACATED.**

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 9) be **DENIED.**

2.  Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 1/28/16

Karen L. Litkovitz
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DAVID TYRONE HILL,
Plaintiff,

vs.

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION, et al.,
Defendants.

Case No. 1:15-cv-762

Beckwith, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).