# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DAVID TYRONE HILL,
      Plaintiff,

Case No. 1:15-cv-762

Beckwith, J.

vs.

Litkovitz, M.J.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, et al.,
      Defendants.

**REPORT AND
RECOMMENDATION**

The instant action commenced when the plaintiff, an inmate at the Southern Ohio

Correctional Facility (SOCF) in Lucasville, Ohio, filed a *pro se* complaint followed by an

amended complaint against the Ohio Department of Rehabilitation and Correction (ODRC) and

various ODRC and SOCF correctional officials and staff members. (*See* Docs. 1, 2). In

response to a Deficiency Order issued December 17, 2015 (*see* Doc. 3), plaintiff also

subsequently filed an application for leave to proceed *in forma pauperis*. (Doc. 9).

On January 29, 2016, the undersigned issued an Order and Report and Recommendation,

which contained the recommendation to deny plaintiff's *in forma pauperis* application on the

ground that plaintiff is a "three-striker" within the meaning of 28 U.S.C. § 1915(g). (*See* Doc.

10). Plaintiff filed objections to the recommendation and also attempted to appeal the

undersigned's January 29, 2016 decision to the United States Court of Appeals for the Sixth

Circuit. (*See* Docs. 11-13). On March 14, 2016, the Sixth Circuit dismissed the appeal (*see* Doc.

15), and on March 23, 2016, the District Court adopted the Report and Recommendation to deny

plaintiff's application for leave to proceed *in forma pauperis* under the "three-strikes" provision

set forth in § 1915(g) in the absence of any factual allegations that "might support a claim or a

reasonable inference that [plaintiff] is facing imminent danger of serious physical injury." (*See*

Doc. 16).  The March 23, 2016 Order further provided that plaintiff "must pay the full $400.00 case filing fee within 30 days of the date of entry of this Order, or by April 25, 2016, in order to continue prosecuting this case."  (*Id.*, p. 2, at PAGEID#: 102).  Plaintiff was expressly informed that "his failure to pay the full $400 fee within 30 days will result in the dismissal of this action." (*Id.*).  Plaintiff has not paid the fee required to commence the action, and the deadline for doing so has passed.

Accordingly, because plaintiff has failed to comply with the Court's Order of March 23, 2016, it is hereby **RECOMMENDED** that the Court **DISMISS** this action for want of prosecution and **DENY** all pending motions filed by the plaintiff as moot.

IT is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO RECOMMENDED.**

Date:  *4/28/16*

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DAVID TYRONE HILL,
    Plaintiff,

  vs.

OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION, et al.,
    Defendants.

Case No. 1:15-cv-762

Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

3